John A. Webb & Bro. v. S. W. Harris.

(No. 2169, Op. Book No. 2, p. 675.)

Appeal from Caldwell County. Opinion by Walker, R. S., P. J.

§ 1289. *Fraudulent representations, to be available against a contract, must have been relied upon.* When, to avoid a contract or settlement, fraudulent representations made by the adverse party are relied upon, it must be made to appear that such representations were relied upon by the party setting them up. If such representations were not believed by him, or were known at the time by him to be untrue, he necessarily did not rely upon them, and cannot avoid his contract in consequence of them.

§ **1290.** *Principal bound by agent's knowledge of facts, when, etc.* A principal is bound by the acts done, and by the knowledge possessed, by his agent concerning facts attending the transactions of such agent, performed in the scope of his duty and authority. But this rule does not apply to a transaction had with the principal, which transaction is independent of his agent's acts and knowledge of facts concerning the business intrusted to him. And fraudulent representations of material facts, made to the principal, although they may have been within the knowledge of the agent, will not relieve the party making them from the consequences of such representations, if through them the principal, being ignorant of the facts, shall be imposed upon and misled by them. It is undoubtedly true that, for all purposes of responsibility for the acts of an agent, or of liability concerning his legitimate transactions as agent, the rule is conclusively settled that the principal knows whatever the agent knows in relation to the business of his agency. [1 Wait's Act. & Def. p. 231.] But it would be a subversion of principle and of the reason of the rule, and would result in the misapplication of sound maxims of law to cases, the merits of which would involve principles that are wholly different, to apply the rule above quoted so as to affect the validity of a contract, the making of which had no relation to a question of the principal's liability for the effects or consequences of the agent's acts or knowledge. Thus, in this case, Webb & Bro., who resided in Travis county, had placed in the hands of their agent in Caldwell county an execution against appellee to be collected. Lamb had caused the execution to be levied upon property, and in this state of the case appellee went to Webb & Bro., and without informing them of the levy, and, as alleged by Webb & Bro., by means of false representations, upon which they relied, induced them to receive in full satisfaction of their execution a sum greatly less than the amount thereof. Appellee sought to charge Webb & Bro. with the knowledge of the fact of the levy, etc., because

their agent, Lamb, had such knowledge, and the court below, holding the view that the knowledge of such facts by Lamb, the agent, was a knowledge of them by Webb & Bro., the principals, excluded evidence offered by Webb & Bro. to prove that they had no knowledge of the fact of the levy, etc., at the time they settled with appellee. *Held*, that Lamb's knowledge of the facts could not be imputed to Webb & Bro., and that it was error to exclude evidence offered by them to show that they were ignorant of such facts.

§ 1291. *Officer; special cannot be appointed by justice of the peace to execute process issued from the district court.* It was not contemplated by the statute [R. S. 1571] to confer upon a justice of the peace authority to deputize a person to execute process issued from the district court. Thus in this case it was held that a justice of the peace had no authority under the law to appoint a person to execute a writ of execution which had issued from the district court.

May 16, 1883.                    Reversed and remanded.

NOTE.— This is the second appeal of this case. The opinion on the former appeal will be found *ante*, p. 583. The suit was discontinued as to the defendant Perry before the last trial was had in the court below, and he is not a party to this appeal.